1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

7

JESSE P.,

Plaintiff,

8       v.

9    COMMISSIONER OF SOCIAL
     SECURITY,

10

Defendant.

Case No. 3:23-cv-06183-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11

12         Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

13    defendant's denial of plaintiff's application for supplemental security income ("SSI"). Dkt.

14    1, 4, Complaint; AR 325. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

15    Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter

16    heard by the Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding

17    that plaintiff was not disabled. Dkt. 1, 4, Complaint.

18         Plaintiff applied for SSI on August 6, 2019, asserting a date of onset of

19    September 18, 2010. AR 17. After the application was denied, plaintiff appealed and a

20    hearing was held (two hearings where plaintiff was not represented and a third hearing,

21    where he was represented by counsel). AR 39-86.

22         The ALJ issued a decision on October 26, 2022, and found the date of the

23    application should be the date of onset. AR 20. The ALJ determined at step two of the

24
25

1

five-step analysis that plaintiff had the severe impairments of: "adjustment disorder and anxiety." AR 20.

After considering testimony from a Vocational Expert (V.E.) the ALJ found plaintiff had the Residual Functional Capacity (RFC) "to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, work-related instructions tasks and decisions in a predictable work setting with only occasional changes. He can have occasional interaction with the public and coworkers." AR 22. The ALJ found the medical records did not support a 12-month period of impairments that would be considered disabling. AR 23. The ALJ also noted that plaintiff's psychological testing and evaluation showed evidence of malingering. AR 23.

At step five, the ALJ found plaintiff was not disabled; the ALJ identified the following representative occupations with reasoning level 2 and SVP 2, that exist in sufficient numbers in the national economy, and that plaintiff could perform: Marker, Router, and Routing Clerk. AR 26-27. Plaintiff sought review by the Appeals Council, and review was denied. AR 1-4.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v.*

1  *Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the

2  evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

3  The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not

4  rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of

5  the Court's review. *Id.*

6                                      DISCUSSION

7        Plaintiff raises two issues:

8   A.  The ALJ harmfully erred at step five by not properly addressing discrepancies in

9        the V.E.'s testimony about occupations that plaintiff could perform and therefore

10       remand is necessary.

11  B.  The ALJ harmfully erred by rejecting plaintiff's statements about symptoms and

12       limitations, and by failing to include work-related limitations based on plaintiff's

13       statements in the determination of plaintiff's Residual Functional Capacity.

14       Dkt. 11.

15   **1.  Whether the ALJ erred in assessing the evidence relied on by the
          Vocational Expert, and whether plaintiff's new evidence presented by**
16        **Dr. Joseph A. Moisan, warrants a remand.**

17       Plaintiff argues the jobs identified by the ALJ, based on the V.E.'s testimony

18  during the hearing, were inconsistent with plaintiff's limitation "to simple, work-related

19  instructions tasks and decisions in a predictable work setting". Dkt. 11, at 7. Plaintiff

20  asserts that the Court should remand for further proceedings because the ALJ did not

21  properly address this issue in the decision finding plaintiff not disabled, and that the

22  Appeals Council should have reviewed the new evidence presented by plaintiff. *See* AR

23

24

25

1    528-536 (Letter from Charles W. Talbot to Appeals Council dated 12-30-2022); AR 533-

2    590 (Dr. Joseph A. Moisan declaration and attachments).

3         The testimony of a vocational expert is considered "inherently reliable" and would

4    be "ordinarily sufficient by itself to support an ALJ's step-five finding." *Ford v. Saul,* 950

5    F.3d 1141, 1160 (9th Cir. 2020). In this case, the Vocational Expert (V.E.) testified

6    plaintiff would be able, given the hypothetical of "no exertional limitations" and simple,

7    work-related instructions, tasks, and decisions, predictable work setting, occasional

8    changes, and occasional interaction with the public and coworkers, to perform the

9    representative occupations of Marker, Router, and Routing Clerk. AR 62-63.

10        Although plaintiff contends the ALJ's assessment of plaintiff's RFC would not be

11   compatible with Reasoning Level 2 occupations, all three of the occupations selected by

12   the Vocational Expert are categorized as SVP 2. *See Zavalin v. Colvin,* 778 F.3d 842,

13   846 (9th Cir. 2015). According to the V.E., her testimony was based on the DOT, Job

14   Browser Pro, and on-site job analysis for all three occupations. AR 64-66.

15        The V.E. was cross-examined by plaintiff's attorney, and the V.E. explained that

16   these three occupations are simple and involved one and two step reasoning (similar to

17   Reasoning Level 1). AR 65-66. This was a reasonable explanation based on the V.E.'s

18   jobsite analysis, and neither the V.E. nor the ALJ were provided with the evidence of the

19   expert testimony of Dr. Moisan. Unlike *Rounds v. Comm'r Soc. Sec. Admin.,* 807 F.3d

20   996, 1004 (9th Cir. 2015), where the Ninth Circuit remanded for the ALJ to determine

21   whether a reasonable explanation existed, here the V.E. provided a reasonable

22   explanation (based on the record that existed at the time the ALJ made the decision).

23

24

25

1    Plaintiff argues that even assuming the V.E.'s jobsite analysis would have been

2    acceptable if the V.E.'s jobsite analysis was recent, the Dictionary of Occupational Titles

3    (DOT) has not been updated since 1977, and the V.E. had not reviewed the jobs in

4    several years. Dkt. 11, Opening Brief, at 6. Plaintiff asserts that the new evidence after

5    the ALJ's decision was issued, concerning the DOT description of the three

6    occupations, and the O*NET assessment in 2022 of the three occupations, provided by

7    expert testimony by declaration of Dr. Moisan (Declaration of Dr. Joseph A. Moisan

8    dated 12-29-2022, AR 533-536), was material evidence that should be considered by

9    the Commissioner at step five. Plaintiff presented this new evidence to the Appeals

10   Council, but it did not result in a remand by the Appeals Council; plaintiff asserts that a

11   remand by this Court is therefore necessary.

12   Defendant argues (Dkt. 17 at 10-12) that Dr. Moisan's evidence was duplicative

13   of the O*NET print-outs used by plaintiff's attorney in cross-examination of the V.E.

14   during the administrative hearing. According to the defendant, the V.E.'s expertise was

15   more specific, and therefore Dr. Moisan's general evidence was not material.

16   The substantial evidence test, as applied to the ALJ's review of evidence

17   presented by a V.E., "must proceed on a 'case-by-case' basis, taking 'into account all

18   features of vocational expert's testimony, as well as the rest of the administrative

19   record.'" *White v. Kijakazi,* 44 F.4th 828, 837 (9th Cir. 2022), (quoting *Biestek v.*

20   *Berryhill,* 587 U.S. 97, 108 (2019)). Evidence presented by a V.E. is inherently reliable

21   but not incontestable. *Buck v. Berryhill,* 869 F.3d 1040, 1051 (9th Cir. 2017). If plaintiff's

22   counsel presents competing estimates of available jobs, and the estimates are different

23   from the V.E.'s estimates based on uninterpreted raw data or a different methodology,

24

25

1    this would not constitute significant probative evidence and no remand would be

2    necessary. *See Wischmann v. Kijakazi,* 68 F.4th 498, 506-508 (9th Cir. 2023); *Kilpatrick*

3    *v. Kijakazi,* 35 F.4th 1187, 1193 -1195 (9th Cir. 2022).

4        If new, material evidence is submitted to the Appeals Council, and the evidence

5    bears "directly and substantially on the matter in dispute," the Court should remand for

6    additional proceedings. *Brewes v. Commissioner of Social Sec. Admin.,* 682 F.3d 1157,

7    1162 (9th Cir. 2012)*; Luna v. Astrue,* 623 F.3d 1032, 1034 (9th Cir. 2010) (internal

8    quotation omitted). The new evidence is part of the administrative record, even though

9    the plaintiff produced it for the Appeals Council after the ALJ issued a decision. *Id.*

10       Although the Court may review new evidence, the Court does not review an

11   Appeals Council decision that denied the plaintiff's request. *Luther v. Berryhill,* 891 F.3d

12   872, 876 (9th Cir. 2018). The Court reviews whether the ALJ's decision is supported by

13   substantial evidence, in light of the new evidence that has been entered into the record

14   by the Appeals Council; the Court determines whether the new evidence substantially

15   and directly bears on the matter in dispute and there is a "reasonable possibility" that

16   the result of the administrative hearing would have been different if the new evidence

17   had been considered by the ALJ. *See Luna,* 623 F.3d at 1034.

18       Here, the declaration of Dr. Moisan, an expert who previously served as a

19   vocational consultant to the Social Security Administration, provided new evidence. His

20   declaration bears substantially and directly on whether plaintiff's RFC is a match (or

21   there is lack of match) between number of steps he could perform, and the number of

22   steps that would be required for each of the three occupations identified by the V.E.

23   during the hearing. *See* AR 62-68. Dr. Moisan's evidence appears relevant to the

24

25

1  assessment of whether there are occupations that plaintiff could perform, given

2  plaintiff's RFC.

3          The Vocational Expert testified that "I have seen them performed and they are

4  simple and they are one, two step jobs"; she testified that she did not use the O*NET,

5  and she stated that the on-site job analysis for the three occupations identified was

6  done within three to five years before the June 15, 2022 hearing. AR 66-68. The V.E.

7  estimated "the marker jobs probably three, four, five years ago and the router job would

8  probably be in that same range." AR 66.

9          The burden of proof is on the Social Security Administration in step five of the

10  five-step review process, to show the claimant can perform other jobs in the national

11  economy that exist in significant numbers. *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th

12  Cir. 2002). In doing so, the Commissioner has relied on testimony from a V.E. and the

13  Dictionary of Occupational Titles (DOT). 20 C.F.R. § 404.1520(a)(4)(v), §404.1560,

14  §404.1566(e). SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000).

15          The Occupational Information Network, O*NET, is an updated database that

16  appears to have replaced the DOT (which has not been updated since 1991).

17  *Cunningham v. Astrue,* 360 Fed. Appx. 606, *616 (6th Cir. 2010); *Evans v.*

18  *Commissioner of Soc. Sec.,* 110 F. Supp.3d 518, 541 n. 3 (S.D.N.Y. 2015) *citing,*

19  *Dictionary of Occupational Titles Fourth Edition, Revised 1991,* U.S. Dep't of Labor,

20  http://www.oalj.dol.gov/libdot.htm. ("The O*NET defines SVP as the "amount of lapsed

21  time required by a typical worker to learn the techniques, acquire the information, and

22  develop the facility needed for average performance in a specific job-worker situation."

23  O*NET OnLine Help, https://www.onetonline.org/help/online/svp. The SVP "levels"

24

25

correspond to time periods. For example, Level 8 is a time period of 4 to 10 years whereas Level 2 is '[a]nything beyond short demonstration up to and including 1 month.'" *Id.*).

An ALJ may take administrative notice of any reliable job information. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005). An ALJ is not prohibited from relying on the O\*NET. *Lee v. Barnhart,* 63 Fed. Appx. 291, 292-293 (9th Cir. 2003).

Here, the new evidence was relevant to whether the Commissioner met their burden of proof at step five. Dr. Moisan stated, based on his expertise, that the O\*NET assessment in 2022 of the three occupations conflicted with the analysis based on the V.E.'s information from around 2017-2019 (the record is ambiguous as to when the V.E. had observed these occupations; the possible date range given was between 2017-2019, and the V.E. stated it was a "guesstimate", AR 66) that informed the testimony of the Vocational Expert. The three identified occupations, according to Dr. Moisan, would require more steps than stated by the testimony of the V.E. AR 528-590. This is a material discrepancy and may change the analysis of the ALJ at step five.

The defendant claims the evidence is duplicative. Yet this is independent expert evidence, rather than cross-examination of the V.E., and is based on the expertise of a new witness rather than the attorney relying for cross-examination on O\*NET print-outs alone. That Dr. Moisan did not state he personally observed the occupations does not mean this is general evidence that lacks probative value. Dr. Moisan's expertise provides additional evidence, indicating the occupations identified by the V.E. are an SVP of 4 to less than 6 (AR 533-536); this appears to be materially different than Reasoning Level 2 or SVP 2 occupations. At the hearing, the V.E. stated all three of the

occupations selected are categorized as SVP 2, but the V.E. indicated the steps were even more simple than what she considered the standard for SVP 2. *See White v. Kijakazi,* 44 F.4th 828, 837 (9th Cir. 2022). In contrast with the V.E.'s opinion, Dr. Moisan concluded that "[e]very one of the jobs listed in the O*Net matching the jobs listed in the decision require a minimum of three months up to a year in order to learn, with most requiring some sort of extra supervision or a mentor in order to become competent at the job." AR 535.

The longitudinal record shows plaintiff is someone who was in foster care as a child, was hospitalized for inpatient mental health treatment at Children's Hospital in Seattle at the age of two and again at age eight, had been involved off and on with mental health counseling since he was a very small child, as an adult he was homeless, or living in a group home, and was found to have significant mental health limitations throughout his life. *See e.g.,* records from Kitsap Mental Health Services, AR 717-784, 942-960, Children's Hospital and Regional Medical Center, AR 1531-1612 [age 2] 1613-1675 [age 8]). Plaintiff had been assessed by mental health professionals in 2016 and 2019 as having limited cognitive ability, and would be able to work in sheltered employment or in a simple, repetitive employment (AR 639, 647-649) but he had never held full-time employment. Considering the record as a whole, there is a reasonable possibility that the analysis of the RFC and occupations at step five would be different if the new evidence from Dr. Moisan is evaluated by the ALJ on remand.

## 2. Plaintiff's statements about symptoms

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722

(9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

In this case, the ALJ noted that there was evidence of malingering. AR 23. In a 2019 psychological evaluation, the clinical psychologist found plaintiff had cognitive impairments and anxiety, and also stated that some of the test results were "highly indicative of malingering". AR 638-639.

The ALJ did not err; because there was affirmative evidence of malingering, the ALJ was not required to provide clear and convincing reasons for discounting plaintiff's statements about symptoms and limitations. *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008)*; Taber v. Astrue,* 383 F. App'x 664, 665 (9th Cir. 2010).

The ALJ's decision on the credibility of plaintiff's statements about symptoms and limitations is supported by substantial evidence, the Court must uphold it. *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019). Evidence of plaintiff's conservative treatment as an adult patient supports the ALJ's decision discounting plaintiff's statements about the severity of symptoms and limitations. *Parra v. Astrue,* 481 F.3d 742, 751 (9th Cir. 2007). Plaintiff's treatment as an adult was counseling, and the record shows he reported

improvement with this conservative treatment. AR 637, 706-775, 1429, 1465-1466, 1469, 1483.

CONCLUSION

For these reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings as to the V.E.'s testimony and Dr. Moisan's expert opinion concerning step five of the analysis.

Dated this 10th day of January, 2025.

Theresa L. Fricke
United States Magistrate Judge